UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS VAN ZANDT, *Administrator of the Estate of* MATTHEW MARTIN VAN ZANDT,<br><br>Plaintiff<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA/DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:24-CV-486<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This action was commenced by Thomas Van Zandt ("Van Zandt") as the Administrator of the Estate of Matthew Martin Van Zandt ("Decedent") by filing a complaint against Defendants, the Commonwealth of Pennsylvania/Department of Corrections (the "Commonwealth/Department"), Casey Hartman ("Hartman"), Officer P. Baummer ("Baummer"), Officer M. Woomer ("Woomer"), and Sgt. D. Shaffer ("Shaffer") (collectively, the "Commonwealth Defendants"), as well as against MHM Services, Inc., MHM Correctional Services, Inc., MHM Correctional Services, LLC, Centurion Health Services & Centurion of Pennsylvania and Joyce Knowles ("Knowles") (collectively, the "MHM Defendants") (collectively with Commonwealth Defendants, "Defendants") on March 20, 2024. (Doc. 1). Van Zandt filed the operative amended complaint on May 10, 2024, against the aforementioned Defendants, alleging violations of the Eighth Amendment pursuant 42 U.S.C. § 1983 ("§ 1983"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). (Doc. 8). Before the Court is Commonwealth Defendants'

motion for reconsideration or clarification (Doc. 33) of the Court's Order (the "Order") (Doc. 29) dated December 30, 2024, in which the Court denied the Commonwealth Defendants' motion for to transfer and granted in part the Commonwealth Defendants' motion to dismiss. (Doc. 29). For the following reasons, the Commonwealth Defendants' motion for reconsideration is **DENIED**. (Doc. 33). The Commonwealth Defendants' motion for clarification is **GRANTED**. (Doc. 33).

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On May 10, 2024, Van Zandt filed the operative amended complaint against Defendants. (Doc. 8). On June 13, 2024, the Commonwealth Defendants filed a motion to dismiss Count Five as asserted against Defendant Hartman and Counts One and Two in their entirety and a motion to change venue to the Western District of Pennsylvania. (Doc. 18). On June 27, 2024, the Commonwealth Defendants filed their brief in support of their motion to dismiss/change venue. (Doc. 19). On July 19, 2024, Van Zandt filed a brief in opposition to the Commonwealth Defendants' motion to dismiss. (Doc. 24). On August 2, 2024, the Commonwealth Defendants filed a reply brief. (Doc. 26). On December 30, 2024, the Court issued an Order and accompanying Memorandum Opinion ("Memorandum"), granting in part and denying in part the motion to dismiss. (Doc. 28; Doc. 29).

On March 12, 2025, the Commonwealth Defendants filed a motion for reconsideration, or in the alternative, a motion for clarification, of the Court's Order. (Doc. 33). In its brief in support of their motion for reconsideration or in the alternative, clarification, the Commonwealth Defendants specifically request the Court reconsider its ruling with respect to Count Five. (Doc. 34, at 2). On March 21, 2025, Van Zandt filed a brief in

2

opposition to the Commonwealth Defendants' motion. (Doc. 36). Accordingly, the matter is ripe for disposition.

## II. MOTION FOR RECONSIDERATION

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F.3d at 677 (citation omitted). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

## III. DISCUSSION

As a preliminary matter, the Commonwealth Defendants' motion for reconsideration was untimely. "Rule 7.10 of the Local Rules of the Middle District of Pennsylvania provides that: 'Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the Order concerned.'" *Breslin v. Dickinson Twp.*, No. 1:09-CV-1396, 2016 WL 6990719, at *2 (M.D. Pa. Nov. 29, 2016). Here,

3

the motion for reconsideration was filed on March 12, 2025. (Doc. 33). The Order that the Commonwealth Defendants request this Court reconsider was docketed on December 30, 2024. (Doc. 28; Doc. 29). The Commonwealth Defendants argue that the 14-day limit for motions for reconsideration should have been extended because in its Order, this Court granted Van Zandt leave to amend within 21 days, and "Commonwealth Defendants anticipated raising the issues presented in this motion in a responsive motion to that [second] amended complaint." (Doc. 33, at 1). Thus, the Commonwealth Defendants did not file the present motion for reconsideration while awaiting Van Zandt's second amended complaint. (Doc. 33, at 1). However, Van Zandt elected not to file a second amended complaint. Therefore, as Van Zandt properly notes, "[o]nce that period expired without [Van Zandt] filing a further amended complaint, 'the district court's order had the effect of dismissing the improperly pleaded claims with prejudice.'" (Doc. 36, at 9) (citing *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 278 (3d Cir. 1992)). With these circumstances in mind, the latest date at which a motion for reconsideration of the Order would have been considered timely would have been February 4, 2025, or 14 days after the deadline for Van Zandt to file a second amended complaint expired. Because the Commonwealth Defendants did not file the present motion for reconsideration until March 12, 2025, it is not timely. (Doc. 33); *see Ndaula v. Clinton Cnty. Corr. Facility*, No. 1:20-CV-1160, 2021 WL 620934, at *3 (M.D. Pa. Feb. 17, 2021) ("[p]laintiff's motion for reconsideration is untimely under Local Rule 7.10 and, for that reason alone, must be denied."); *Banks v. Green*, No. CIV.A. 1:07-CV-0021, 2008 WL 170002 (M.D. Pa. Jan. 16, 2008) (denying a motion for reconsideration as untimely); *Bruno v. Bozzuto's, Inc.*, 127 F. Supp. 3d 275, 279 (M.D. Pa. 2015) ("As previously noted, Local Rule 7.10 requires that a motion for reconsideration be filed within fourteen days of an [o]rder and

4

therefore this motion is again untimely and denied on that basis.").

However, even if the motion for reconsideration was timely, upon a careful and thorough review of the Commonwealth Defendants' arguments, the Court finds no grounds for granting the motion for reconsideration, as there is no intervening change in controlling law, no new evidence that was unavailable when the Court denied the Commonwealth Defendants' motion to dismiss the Eighth Amendment claim against Defendant Hartman, and no manifest injustice arising from errors of facts in the Court's Order or Memorandum. (Doc. 28; Doc. 29); *Max's Seafood Café*, 176 F.3d at 677.

The Commonwealth Defendants request that this Court reconsider its denial of its motion to dismiss Van Zandt's Eighth Amendment claim against Defendant Hartman because the treatment notes contradict and control over Van Zandt's allegations. (Doc. 34, at 5). Van Zandt refutes this conclusion, arguing that reconsideration would be inappropriate and that the treatment notes do not prevail over Van Zandt's allegations under Third Circuit precedent. (Doc. 36, at 12-14). This Court agrees with Van Zandt.

In the Court's Memorandum, the undersigned determined that Van Zandt's "allegations, taken alone, would sufficiently allege that Defendant Hartman knew of Decedent's serious medical need and disregarded it by failing to properly treat him." (Doc. 28, at 17). The Court goes on to discuss Defendant Hartman's treatment notes, as a document properly considered at the pleading stage because Van Zandt "quotes [the treatment notes] when making allegations against Defendant Hartman." (Doc. 28, at 17). While the treatment notes do contradict Van Zandt's allegations, the Court determined that Defendant Hartman's liability would turn on her specific "responsibilities as a Psychological Services Associate," the contours of which the parties dispute. (Doc. 28, at 17). The Court emphasized that the

contours of her role and responsibilities are "factual disputes [. . .] not properly resolved at the motion to dismiss stage." (Doc. 28, at 17). Thus, the Court denied Commonwealth Defendants' motion to dismiss, noting "[a]ny factual disputes arising from the treatment notes, or Dr. Hartman's roles and responsibilities are more appropriately considered after discovery and at the dispositive motion stage." (Doc. 28, at 18). This conclusion aligns with Third Circuit precedent which clearly instructs that "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Doe v. Princeton Univ.*, 30 F. 4th 335, 342-43 (3d Cir. 2022). The Commonwealth Defendants thus attempt to reassert the arguments they previously made in their brief in support of their motion to dismiss. This attempt fails because "motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" (Doc. 60); *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)). Accordingly, the Court will not "rehash" the issues previously litigated in this case. *Cole's Wexford Hotel*, 2017 WL 432947, at *2.

The Court will, however, clarify its Order and accompanying Memorandum. (Doc. 28; Doc. 29). A motion for clarification is a motion seeking to explain or clarify a vagueness or ambiguity in an order. *See Trantham v. Zurn Indus., LLC*, No. 1:17-CV-00408, 2017 WL 11068763, at *2 n.1 (M.D. Pa. Nov. 2, 2017). Further, "[g]enerally, no time restrictions limit a party's filing a motion for clarification." *Smith v. L. Offs. of Karin A. Bentz, P.C.*, No. ST-17-

CV-116, 2018 WL 671389, at *4 (V.I. Super. Jan. 29, 2018).

Here, there is an ambiguity in the Court's December 30, 2024 Order and accompanying Memorandum. In the Order, the Court states

> "Commonwealth Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. (Doc. 18). The motion is granted as to Count One and Count Two, and those claims against the Commonwealth Defendants are **DISMISSED without prejudice**. The motion is denied as to the Count One claim asserted against Defendant Hartman. (Doc. 8)."[1]

(Doc. 29).

Similarly, in the Memorandum, the Court again states that "the Commonwealth Defendants' motion to dismiss will be **GRANTED in part and DENIED in part**." (Doc. 28, at 23). Upon a thorough review of the Memorandum, the Court notes an ambiguity. It started in its introductory paragraph that Commonwealth Defendants' motion to dismiss would be granted, without stating that its grant would only be in part. (Doc. 29, at 2). Similarly, in Part B of the Memorandum, the Court stated, "[v]iewing the factual allegations as true and in a light most favorable to [Van Zandt], the Court finds that [Van Zandt] has failed to allege sufficient facts to survive the Commonwealth Defendants' motion to dismiss Count Five against Defendant Hartman." (Doc. 28, at 15). This should have read, "[v]iewing the factual allegations as true and in a light most favorable to [Van Zandt], the Court finds that [Van Zandt] **has alleged** sufficient facts to survive the Commonwealth Defendants' motion to dismiss Count Five against Defendant Hartman." The Court, throughout the entirety of the

---

[1] As a preliminary matter, the Court hereby **CLARIFIES** that Count Five was the claim asserted against Defendant Hartman, not Count One, and that is relevant Eighth Amendment claim asserted against Defendant Hartman that this intended to allow to proceed when it denied Commonwealth Defendants' motion to dismiss. (Doc. 1). This is ambiguity is clearly resolved by looking to the Memorandum, where the Court correctly referred to Van Zandt's Eighth Amendment claim as Count Five. (Doc. 28, at 14, 18).

remainder of Part B. correctly explained that Van Zandt properly alleged an Eighth Amendment claim against Defendant Hartman and that factual disputes regarding Defendant Hartman's role and responsibilities were better resolved after discovery. (Doc. 28, at 15-18). Thus, the Court believes that by reading the Memorandum in tandem with the Order, its intent to allow Van Zandt's Eighth Amendment claim against Defendant Hartman to proceed is evident. Where there is a contradiction or ambiguity found comparing an order with an accompanying memorandum, the court's intent can be found and clarified by looking to the record as a whole. *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1066 (10th Cir. 1980) ("If there is any ambiguity or obscurity or if the judgment fails to express the rulings in the case with clarity or accuracy, reference may be had to the findings and the entire record for the purpose of determining what was decided. [] And where the formal judgment is one of dismissal it should be interpreted in light of the opinion, findings and conclusions in the case." (internal citations omitted) (citing *Moore v. Harjo*, 144 F.2d 318, 321 (10th Cir.) (citing *Great Lakes Co. v. Huffman*, 319 U.S. 293, 295 (1943); *see In re Valley Forge Plaza Assocs.*, 116 B.R. 420, 423 (E.D. Pa. 1990) ("Any contradiction between a final Order and an accompanying Memorandum must be read in the totality of the decision.") (citing *Security Mutual Casualty Co.*, 621 F.2d at 1066). To reiterate, the Court believes that its intent to allow Van Zandt's Eighth Amendment claim against Defendant Hartman proceed was clear, in an abundance of caution, the Court will **GRANT** the motion for clarification and hereby **CLARIFIES** that Commonwealth Defendants' motion to dismiss Van Zandt's Eighth Amendment claim against Defendant Hartman is **DENIED,** consistent with the Order. (Doc. 28).

IV. CONCLUSION

For the foregoing reasons, Commonwealth Defendants' motion for reconsideration

will be **DENIED**. (Doc. 33). The Court will **GRANT** the motion for clarification and has clarified the December 30, 2024 Order with the discussion and analysis herein.

    An appropriate Order follows.

                                                   **BY THE COURT:**

Dated: June 16, 2025                            *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **United States District Judge**